IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
FELIPE BENITEZ and MARIA BENITEZ,              :      CIVIL ACTION NO.:
                                                :
                Plaintiffs,                    :      07-CIV-9534 (KMK)(GAY)
    - against –                                   :
                                                :
TERRENCE D. WILLIS and                          :
FISCHER TRUCKING, INC.,                         :
                                                :
                Defendants.                    :      **JURY TRIAL DEMANDED**
                                                :
------------------------------------------------------------------------x

## ANSWER

Defendant, Fischer Trucking, Inc., by and through its attorneys, Rawle & Henderson LLP, answers plaintiffs' Verified Complaint as follows:

1. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of the Verified Complaint, and therefore, said averments are denied.

2. Admitted.

3. Admitted.

4. Admitted in part; denied in part. Answering defendant admits only that on May 31, 2007, defendant, Terrence D. Willis, was acting in furtherance of the business of defendant, Fischer Trucking, Inc. The remaining averments in paragraph 4 of the Verified Complaint are denied. By way of further answer, paragraph 4 of the Verified Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

5. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 5 of the Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 5 of

the Verified Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

6. Admitted in part; denied in part. Answering defendant admits only that on May 31, 2007, defendant, Terrence D. Willis, drove a motor vehicle bearing Indiana registration number 328781. The remaining averments contained in paragraph 6 of the Verified Complaint are denied. By way of further answer, the remaining averments in paragraph 6 of the Verified Complaint contain conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

7. Admitted in part; denied in part. Answering defendant admits only that on May 31, 2007, defendant, Terrence D. Willis, drove a motor vehicle with the permission and consent of answering defendant. The remaining averments contained in paragraph 7 of the Verified Complaint are denied. By way of further answer, the remaining averments in paragraph 7 of the Verified Complaint contain conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

8. Admitted in part; denied in part. Answering defendant admits only that on May 31, 2007, defendant, Terrence D. Willis, was acting in furtherance of answering defendant's business when an accident occurred. The remaining averments contained in paragraph 8 of the Verified Complaint are denied. By way of further answer, the remaining averments in paragraph 8 of the Verified Complaint contain conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

9. Admitted.

10. Admitted.

11. Denied. Answering defendant denies any negligence and demands strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 11 of the Verified Complaint, and therefore, said averments are denied. By way of further answer, the remaining averments contained in paragraph 11 of the Verified Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

12. Denied. By way of further answer, the averments contained in paragraph 12 of the Verified Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

13. Denied. Answering defendant denies any negligence and demands strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 13 of the Verified Complaint, and therefore, said averments are denied. By way of further answer, the remaining averments contained in paragraph 13 of the Verified Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendant demands that plaintiffs' Complaint be dismissed with prejudice as to them and that judgment be entered in favor of answering defendant and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate under the circumstances.

## SECOND CAUSE OF ACTION

14. Answering defendant incorporates by reference its answers to paragraphs 1 through 13 of the Verified Complaint as though the same were set forth at length herein.

15. Denied. Answering defendant denies any negligence and demands strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 15 of the Verified Complaint, and therefore, said averments are denied. By way of further answer, the remaining averments contained in paragraph 15 of the Verified Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendant demands that plaintiffs' Complaint be dismissed with prejudice as to them and that judgment be entered in favor of answering defendant and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate under the circumstances.

## SEPARATE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Any alleged occurrence complained of by plaintiffs, said occurrence being specifically denied by answering defendant, was the result of an unavoidable accident or sudden emergency.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Any damages claimed by the plaintiffs, said damages being specifically denied by answering defendant, were caused by the culpable conduct of the plaintiffs, including contributory negligence and assumption of the risk and not by any culpable conduct or negligence on the part of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

19. Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care, rehabilitation services, physical therapy treatment, other health care, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules and, therefore, plaintiffs are not the real parties in interest with respect to said expenses.

20. Any damages that are deemed to be recoverable against answering defendant, said damages and recovery being specifically denied by said defendant, must be diminished by the amount of the funds which plaintiffs have received or shall receive from the aforesaid collateral source(s).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

21. Answering defendant asserts all defenses available to it pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

22. Plaintiffs have not sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

23. To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24.     Plaintiffs have failed to mitigate any alleged damages, said damages being specifically denied by answering defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25.     Plaintiffs' injuries and/or damages pre-existed or are unrelated to the accident described in the Verified Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26.     No conduct on the part of answering defendant caused or contributed to plaintiffs' alleged injuries or damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims are barred or should be reduced by the percentage of plaintiffs' own contributory negligence and/or assumption of the risk.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28.     Any alleged occurrence complained of by plaintiffs was the result of an Act of God, unavoidable accident or sudden emergency.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' alleged accident and injuries were proximately caused, in whole or in part, by the fault of third parties for whom answering defendant is not legally responsible.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30.     Plaintiffs did not use, or improperly used, any available seat belts and/or shoulder harnesses, and plaintiffs' injuries, which are denied, were caused, contributed to and/or exacerbated by the lack of use, or improper use, of the seat belts and/or shoulder harnesses, and plaintiffs' alleged injuries could have been obviated or mitigated by the use of any available seat

belts and/or shoulder harnesses, and that plaintiffs' failure to use, or improper use, of any seat belts and/or shoulder harnesses was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

31. Plaintiffs' failure to use, or the improper use, of any available seat belts and/or shoulder harnesses was an unreasonable action and in disregard of their own best interests, and accordingly, caused or contributed to the happening of the accident, in accordance with *Curry v. Moser*, 89 A.D.2d 1, 454 N.Y.S.2d 311 (2d Dept. 1982).

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

32. Plaintiffs' claims are barred or limited based upon collateral estoppel and/or *res judicata*.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

33. Venue is improper and/or inconvenient.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

34. Service of process was improper and/or insufficient.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

35. This Honorable Court lacks jurisdiction over the answering defendants.

WHEREFORE, answering defendant demand that plaintiffs' Verified Complaint be dismissed with prejudice as to it and that judgment be entered in favor of answering defendant and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate under the circumstances.

                    RAWLE & HENDERSON LLP

By:_____
      Jon Michael Dumont
      James R. Callan
      Attorneys for Defendant,
      Fischer Trucking, Inc.
      140 Broadway, Suite 4636
      New York, New York 10005
      (212) 858-7570
      Our File: 801821

Dated:  New York, New York
       November 5, 2007

**CERTIFICATE OF SERVICE**

      I, James R. Callan, an attorney duly admitted to practice before the Courts of the State of New York, and the U.S. District Court for the Southern District of New York, hereby certify that a true and correct copy of the foregoing Answer was served upon the below listed counsel this 5th day of November, 2007, by overnight delivery:

GOLDSTEIN & METZGER, LLP
40 Garden Street
Poughkeepsie, New York 12601

RAWLE & HENDERSON LLP

_____
James R. Callan